## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

CHRISTIEN PHILLIPS,

     Movant,

vs.

UNITED STATES OF AMERICA.

No. C13-0127-LRR
No. CR05-0014-LRR

ORDER

---

This matter appears before the court on Christien Phillips' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Christien Phillips ("the movant") filed such motion on November 15, 2013. Because judgment entered against the movant on December 21, 2005 and the movant never filed a direct appeal, any action attacking her conviction or sentence is barred by the one-year statute of limitation. The movant's conviction became final in 2006 and she only sought relief in 2013, which is well beyond the applicable time frame. *See* 28 U.S.C. § 2255(f)(1). Further, no other subsection under 28 U.S.C. § 2255(f) applies to the movant's situation. The movant is unable to rely on *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), because the Supreme Court has not made it retroactive to cases on collateral review. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *accord United States v. Redd*, 2013 U.S. App. LEXIS 22423 (2d Cir. 2013). Based on the foregoing,

the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is denied.[1]  A certificate of appealability under 28 U.S.C. § 2253 will not issue.

**IT IS SO ORDERED**.

**DATED** this 18th day of November, 2013.

_(signature)_

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court notes that the movant and the government entered into an agreement. Pursuant to the parties' plea agreement, the movant stipulated that her offense involved at least 500 grams of cocaine base.  In addition, the court notes that the movant pleaded guilty to violating 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) and was sentenced prior to the Fair Sentencing Act of 2010.  The current version of 21 U.S.C. § 841(b) does not apply to the movant.  _See United States v. Meeks_, 469 F. App'x 479, 479 (8th Cir. 2012) (finding that, "because [the defendant] was sentenced before the enactment of the Fair Sentencing Act of 2010," he was not eligible for a sentence reduction); _United States v. Orr_, 636 F.3d 944, 957 (8th Cir. 2011) (finding that the Fair Sentencing Act did not apply to a defendant sentenced on November 12, 2009, prior to the Fair Sentencing Act's enactment date of August 3, 2010); _see also Dorsey v. United States_, 567 U.S. ___, ___, 132 S. Ct. 2321, 2326 (2012) (holding that "the new, more lenient mandatory minimum provisions" of the Fair Sentencing Act "apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3").